UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANNETTE GIRAUD,

    Plaintiff,

v.                              CASE NO.: 8:18-cv-1127-T-33SPF

WOOF GANG BAKERY, INC., ET AL.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of the parties' Amended Joint Motion for Approval of Settlement and Dismissal with Prejudice (Doc. # 41), filed November 15, 2018. By their Motion, the parties move the Court to approve the settlement agreement in this Fair Labor Standards Act action and dismiss the case with prejudice. The Court grants the Motion.

**Discussion**

Plaintiff Annette Giraud filed her Complaint on May 8, 2018, individually, and on behalf of all others similarly situated, against Woof Gang Bakery, Inc., WGB Clearwater, LLC, Ryan Lund, and Gina Marie Lund. (Doc. # 1). In her Complaint, Giraud alleges Defendants did not pay overtime wages and minimum wages in violation of the FLSA. (Id. at 1).

1

Plaintiffs Brittany Westley, Erika Schumm, and Amanda Stewart later joined in the action. (Doc. # 18). Defendants filed an Answer and Affirmative Defenses on June 6, 2018. (Doc. # 19).

The case was previously assigned to the Honorable Richard A. Lazzara, United States District Judge. However, on October 2, 2018, the case was re-assigned to the undersigned. (Doc. # 23). The Court entered its FLSA Scheduling Order on October 5, 2018, which referred the action to mediation. (Doc. # 26). A mediation conference was scheduled for January 18, 2019. (Doc. # 32).

However, the parties reported that they reached a settlement before the scheduled mediation conference. (Doc. # 37). Because this is an FLSA action, any agreement reached by the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1353 (11th Cir. 1982). Accordingly, as directed by the Court (Doc. # 38), the parties filed a timely Motion for Approval of Settlement. (Doc. # 41).

In the agreed upon settlement, Giraud will receive "Zero Dollars ($0.00)." (Doc. # 41 at 1). The parties explain that she has agreed to a settlement of a related case, "8:17-cv-2442; however, that case is pending in arbitration before the American Arbitration Association and settlement approval

2

efforts will be filed with the arbitrator, and that court, as necessary." (Id. at 2).  Opt-in Plaintiff Brittney Westley will also receive "Zero Dollars ($0.00)" because "she has agreed to withdraw her notice of consent to join." (Id. at 3).  Opt-in Plaintiff Erika Schumm will receive $1,050.00, and her attorney will receive $3,000.00. (Id.). Finally, opt-in Plaintiff Amanda Stewart will receive $650.00, and her attorney will receive $3,000.00.  (Id.).

There are several factors that a court should consider when determining whether to approve a settlement agreement in an FLSA action, which are as follows:

> if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

3

The parties have provided copies of the settlement agreements to the Court, (Doc. ## 41-1, 41-2, 41-3) and, after reviewing the agreements, the Court determines that the settlement is fair and reasonable. The Court notes that the attorney's fees seem high when compared to the amount that the individual Plaintiffs will receive. Specifically, of the $7,700.00 settlement, $6,000.00 will go to Plaintiffs' counsel. Nevertheless, the Court ultimately approves the settlement, including the attorney's fees, based on the representations made in Plaintiffs' Answers to the Court's Interrogatories on November 5, 2018. (Doc. ## 34-36). Therein, Plaintiffs stated that their attorneys had incurred $22,135.00 in fees. (Id.). Therefore, the $6,000.00 in attorney's fees here represents a significant reduction, made in an effort to facilitate settlement.

The Court, having considered the factors set out in Bonetti, 715 F. Supp. 2d at 1228, approves the settlement and dismisses the case with prejudice. The Court recognizes that the parties request that the Court retain jurisdiction over the settlement; however, the Court declines to do so.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The parties' Amended Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice (Doc. # 41) is **GRANTED**.

(2) The Settlement is **APPROVED**.

(3) This action is **DISMISSED WITH PREJUDICE.**

(4) The Clerk shall **CLOSE THE CASE.**

(5) The Court declines to retain jurisdiction over the settlement.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of November, 2018.

*Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE